2012 OK 11

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Dane Thomas WILSON, Respondent.

No. SCBD–5828.

Supreme Court of Oklahoma.

Feb. 9, 2012.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 The State of Oklahoma, ex rel. Oklahoma Bar Association ("OBA") has presented the Court with an application to approve the resignation of Dane Thomas Wilson ("Respondent"), from membership in the OBA. Respondent submits his resignation pending disciplinary proceedings and investigation into alleged misconduct as authorized by Rule 8.1 of the Rules Governing Disciplinary Proceedings ("RGDP").[1] On January 30, 2012, Respondent's affidavit was filed simultaneously with the OBA's application; Respondent requested that he be allowed to resign his membership in the OBA and relinquish his right to practice law. The application and accompanying affidavit reflect the following:

(1) Respondent's affidavit indicates:

(A) it was freely and voluntarily rendered;

(B) it was not secured by subjecting Respondent to duress or coercion; and

(C) Respondent was aware of the consequences associated with submission of his resignation.

(2) Respondent acknowledged that his resignation must be approved by the Oklahoma Supreme Court. Nevertheless, Respondent agreed to conduct himself as if the resignation was immediate, and he has surrendered his membership card to the OBA.

(3) Respondent attested to having personal knowledge of several grievances received by the OBA. Respondent's affidavit expressed his understanding that the OBA had initiated investigations for the following grievances:

(A) DC 10–226, alleging misappropriation of $162,000.00 from a trust account for which Respondent had been the acting trustee on behalf of Richard Kamitchis;

(B) DC 11–224, alleging misappropriation of settlement proceeds totaling $130,000.00, derived from a personal injury settlement; and the additional failure to pay outstanding medical expenses associated with the bills, resulting in the placement of a hospital lien being asserted against his client, Ruby Frame;

(C) DC 11–225, alleging misappropriation of settlement proceeds in the amount of $41,000.00 derived from a personal injury settlement; and the additional failure to pay outstanding medical expenses associated with the bills, resulting in the placement of a hospital lien being asserted against his client, Sharon Peeler;

(D) DC 11–247, alleging misappropriation of settlement proceeds in the sum of $45,000.00 derived from a personal injury settlement; and the additional failure to pay outstanding medical expenses associated with the bills, resulting in the placement of a hospital lien being asserted against his client, Quandra Garrett;

(E) DC 12–2, alleging misappropriation of settlement proceeds in the sum of $100,000.00 derived from a wrongful death settlement obtained on behalf of the Viravong family.

(4) Respondent has waived any and all right to contest the OBA allegations created by the pending grievance investigations.

(5) Respondent states that he has familiarized himself with RGDP Rule 9.1, and agreed to comply with the requirements therein within twenty (20) days following approval of his tendered resignation.[2]

---

1. 5 O.S.2011, ch. 1, app. 1–A.

2. RGDP Rule 9.1 provides, "[w]hen the action of the Supreme Court becomes final, a lawyer who

(6) Respondent recognizes that he may only be reinstated to the practice of law after full compliance with the terms and procedures outlined by RGDP Rule 11. Respondent has also acknowledged that no application for reinstatement may be presented prior to five years from the effective date of this order approving his resignation.

(7) Respondent's official roster address as shown from the affidavit and OBA records is Dane Thomas Wilson, OBA # 18314, 104 E. Eufala Street, Norman, Oklahoma 73069–6017.

(8) As a result of his conduct, the Client Security Fund may receive claims from Respondent's former clients. Respondent has agreed to reimburse the OBA for any such claims, prior to filing an application for reinstatement, including the principal amounts and applicable statutory interest expended by the Client Security Fund.

¶ 2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the voluntary resignation of Dane Thomas Wilson, pending disciplinary proceedings, should be approved and shall be effective upon the filing of this order in the Office of the Clerk of the Oklahoma Supreme Court.

¶ 3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Dane Thomas Wilson shall be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five years from the date of this order.

¶ 4 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall comply with RGDP Rule 9.1 by notifying each of his clients having pending legal business of the need to promptly retain new legal counsel; filing a formal withdrawal from all cases pending before any tribunal; submitting the required affidavits attesting to compliance with Rule 9.1, together with a list of all clients notified; and presenting this Court with a list of any court or administrative body where the attorney was admitted to practice.

¶ 5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶ 6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any costs associated with the OBA's investigation and this proceeding have been waived.

¶ 7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 9th day of February, 2012.

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ., concur.

WATT (by separate writing), JJ., concur in part and dissent in part.

WATT, J., concurring in part; dissenting in part.

¶ 1 Pursuant to Rule 8.2, RGDP, I would disapprove Respondent's resignation pending disciplinary proceedings.

¶ 2 While I agree that discipline is warranted under these most egregious facts, I would not allow this respondent to flee

---

is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must *notify all of the lawyer's clients* having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility.

The lawyer shall also *file a formal withdrawal* as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an *affidavit with the Commission and with the Clerk of the Supreme Court* stating that the lawyer has complied with the provisions of this Rule, together with a *list of the clients so notified and a list of all other State and Federal courts and administrative agencies* before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement. (emphasis added).

through "the back door" by allowing his resignation pending disciplinary proceedings.

¶ 3 This respondent has stolen almost one-half million dollars from his clients.

¶ 4 I would remand this matter to the PRT for a full hearing and if these allegations are proven, I would disbar this respondent from the practice of law.

¶ 5 I would also add an additional requirement pending any petition for reinstatement to require this respondent that in addition to repayment of any monies to the Client Security Fund that he also fully reimburse all of his clients for those monies not recouped by them through the Client Security Fund, if any.

¶ 6 Lastly, notwithstanding the stipulation of the parties at this time, I would impose all costs of these proceedings against the respondent herein payable within a reasonable time.